# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:07-cv-330-C

| | |
|---|---|
| DUKE ENERGY CAROLINAS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES FIDELITY AND GUARANTY COMPANY, | ) ) ) |
| | ) |
| Defendant. | ) |

During discovery in this litigation, the parties may be requested to produce documents, answer interrogatories, provide testimony and respond to discovery requests that might reveal confidential and proprietary information that should not be disclosed except in a highly restricted fashion. Accordingly, it is **ORDERED**:

1.  <u>Confidential Designation</u>. The term "Confidential Material" shall be deemed to refer to all documents, transcripts, answers, responses, objects or storage media produced by any party that is stamped or marked by counsel as "Confidential."

Confidential Material also includes all information and documents protected by the November 2, 2005 Consent Confidentiality Orders entered in the following related lawsuits filed in the United States District Court of South Carolina, Anderson Division, and amended by consent via letter dated June 5, 2007. The lawsuits are entitled:

> *Joyce T. Velitschkowski v. Duke Energy Corp,* 8:05-929-13;
> *John L. Lane v. Duke Energy Corp.,* 8:05-930-13;
> *William James Roush, Jr. v. Duke Energy Corp.,* 8:05-927-13;
> *James Taylor v. Duke Energy Corp,* 8:05-931-13;
> *J.T. V. Inc. v. Duke Energy Corp.,* 8:05-3239-13
> (hereinafter collectively "the JTV Lawsuits").

Confidential Material also includes all information and documents produced by Tampa

Bay Engineering, Inc. ("TBE") and Suncoast Insurance Associates, Inc. ("Suncoast") in response to any subpoena issued by any of the parties provided that TBE or Suncoast or their counsel stamps or marks the documents as "Confidential" prior to production.

It shall be the responsibility of the producing party or counsel for the producing party to mark or stamp such material as "Confidential" prior to the production thereof, and all documents and materials so marked or stamped shall be subject to the terms of this Order unless and until the Court determines that such material is not subject to the protection of this Order.

2. <u>Use of Confidential Material</u>. Confidential Material shall be used solely for the purpose of this action and shall not be communicated in any manner, directly or indirectly, to anyone other than a person qualified under the terms of this Order. Such materials shall not be disclosed to any attorneys or claimants who have (or may have) claims against any party hereto arising from incidents other than the incidents involved in the instant case.

3. <u>Access to Confidential Material</u>. Access to "Confidential Material" and to the information (including extracts and summaries) derived from them shall be restricted to:

   a. The attorneys in the law firms appearing in this action for the parties and personnel who are directly employed by those firms and are assisting the attorneys working on this action;

   b. Those officers, directors, agents and employees of the parties (including in-house legal counsel) whose assistance is required in the preparation of this litigation for trial and who must have access to the materials to render such assistance, and the individual parties;

   c. Experts or consultants retained by the parties in connection with this action;

   d. The Court and court personnel, including stenographic reporters engaged in such

proceedings as are necessarily incident to the preparation or trial of this litigation;

  e.  Persons to be deposed in this action who must review the Confidential Material to prepare for or give deposition testimony;

  f.  Auditors, accountants, reinsurers, reinsurance intermediaries or retrocessionaires of a party who demand access and have a contractual, business, legal, or regulatory right to review such Confidential Material; and

  g.  Such other persons as the parties shall agree to in advance and in writing, or as the Court shall determine.

Each qualified person described in sub-paragraphs 3(c), 3(e), 3(f) or 3(g) above to whom Confidential Materials are to be furnished, shown, or disclosed shall first be presented by the disclosing party with a copy of this Protective Order. All such persons shall be bound by the terms of this Protective Order and shall execute an "Acknowledgment of Understanding and Agreement To Be Bound", and shall not permit disclosure of the Confidential Material contained therein other than pursuant to the terms of the Order.

Alternatively, with respect to the persons described in sub-paragraph 3(f) above, before providing Confidential Material to them, the party requesting disclosure of the Confidential Material must notify the opposing party of the request, identify the person seeking access to the Confidential Material, specifically state the reasons why the Confidential Material has been requested (if known), and provide the opposing party ten (10) days to object to disclosure of the Confidential Material.

Furthermore, the attorneys in the law firms appearing in this action for the parties and those officers, directors, agents, and employees of the parties (including in-house legal counsel) — more particularly described in sub-paragraphs 3(a) and 3(b) above — shall be bound by the

terms of this Protective Order once this Protective Order has been fully executed by counsel for the parties and entered by the Court.

4. <u>Interrogatory Answers and Responses to Requests for Admission</u>. If a party in answering any interrogatory or responding to any request for admission believes that its answer or response contains Confidential Material, it shall set forth its answer or response in a separate document that is produced and designated as Confidential in the same manner as a produced document under paragraph 1. The answers to interrogatories or responses to requests for admission shall make reference to the separately produced document containing the answer or response, but such document need not be attached to the interrogatories or requests for admission. The provisions of this protective order shall not be construed to expand or limit a party's right to propound interrogatories or requests for admissions under the Federal Rules of Civil Procedure, Local Rules, and this Court's Orders entered in this matter.

5. <u>Deposition Transcripts</u>. Within 15 calendar days after the receipt of a deposition transcript (or if the transcript is received within 42 calendar days of the trial date, or within half of the number of calendar days remaining before trial), a party may inform the other parties to the action of the portions of the transcript that it wishes to designate as Confidential. All parties in possession of a copy of a designated deposition transcript shall appropriately mark it as Confidential.

6. <u>Multipage Documents</u>. A party may designate all pages of an integrated, multipage document as Confidential by placing the confidential designation on the first page of the document. If a party wishes to designate only certain portions of an integrated, multipage document as Confidential, it should place the designation on each page of the document containing Confidential Material.

7. <u>Designations by Another Party</u>. If a party believes that another party has produced a document which contains or constitutes Confidential Material of such other party, it may designate the document as Confidential by so notifying all parties in writing within fourteen (14) calendar days of its receipt of the document.

8. <u>Objections to Designations</u>. A party objecting to a designation of material as Confidential, shall notify the designating party in writing of his objection within twenty (20) days of its production. The objecting party and the designating party shall promptly confer in a good faith attempt to resolve their differences. If the designating party and the objecting party are unable to resolve their differences, the objecting party may file with the Court an appropriate motion to resolve the designation dispute at any time up to and including the 45th day after the production of the subject material. In the event a timely objection is raised to the Confidential designation of a specific item produced, nothing contained in this protective order shall change the designating party's burden of establishing that the information is entitled to protection under the law, rules and orders applicable to the issue. All material designated as Confidential shall continue to be subject to this order and the Confidential designation until the Court rules otherwise.

9. <u>Unauthorized Disclosures</u>. If material designated as Confidential is disclosed to any person other than in the manner authorized by this Protective Order, the party or person responsible for the disclosure, and any other party or person who is subject to this Order and learns of such disclosure, shall promptly bring such disclosure to the attention to the designating party. Without prejudice to other rights and remedies of the designating party, the responsible party or person shall make reasonable efforts to obtain the return of the Confidential Material and to prevent further disclosure on its own part or on the part of the person who was the

unauthorized recipient of such Confidential Material.

10. <u>Court Filings</u>. In the event a party seeks to file with the Court any material that is subject to protection under this Order, that party must file the document under seal pursuant to the requirements of Local Rule 6.1. This provision is also applicable to briefs, memoranda and other filings which quote, summarize or describe material designated as Confidential.

11. <u>Use as Evidence</u>. Confidential Material may be admitted into evidence in a trial of this action if permitted under the applicable Rules of Evidence and ruling of the trial judge subject to whatever protection and restrictions, if any, the trial judge may order.

12. <u>Duties upon Termination</u>. Upon termination of this action (whether by judgment, settlement, or otherwise), each party shall assemble and return to counsel for the producing party all Confidential Materials in its possession, including all copies thereof (but not including copies containing notes or other attorneys' work product that may have been, placed thereon by counsel) or shall destroy all Confidential Materials within forty-five (45) days of a request by the Party that originally produced the documents. As required by the Court's Pretrial Order and Case Management Plan, the ultimate disposition of Confidential Materials is subject to a final order of the Court upon completion of the litigation.

13. <u>No Implied Waivers</u>. The entry of this order shall not be interpreted as a waiver of the right to object, pursuant to the Federal Rules of Civil Procedure, to the furnishing of information in response to discovery requests or to object to a requested inspection of documents or facilities. Neither the agreement to, or the taking of any action in accordance with the provisions of this protective order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other actions.

14. <u>Use of Own Materials</u>. Nothing in this Order shall be deemed to restrict in any

way any party or its attorneys with respect to that party's own documents.

15. <u>Modification</u>. Any party may apply to the Court for a modification of this Order, and nothing in this Order shall be deemed to prejudice the rights to seek modification.

**IT IS SO ORDERED**.

Signed: March 5, 2008

_Robert J. Conrad_
Robert J. Conrad, Jr.
Chief United States District Judge